# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DUANE JEMISON, JR.,

        Petitioner,   :        Case No. 1:24-cv-362

    - vs -                      District Judge Matthew W. McFarland
                                          Magistrate Judge Michael R. Merz

DIRECTOR, Ohio Department of
   Rehabilitation and Corrections,

                                       :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case under 28 U.S.C. § 2254, brought *pro se* by Petitioner Duane Jemison, Jr., to obtain relief from his conviction in the Warren County Court of Common Pleas. The case is ripe for decision on the Petition (ECF No. 6), the State Court Record (ECF No. 9), Respondent's Return of Writ (ECF No. 10), and Plaintiff's [sic] Memorandum in Opposition to Defendant's [sic] Motion to Dismiss (ECF No. 11). The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 19).

**Litigation History**

On October 11, 2021, a Warren County grand jury returned an indictment charging Jemison

1

with two counts of felonious assault on a police officer and one count of failure to comply with a signal or order of a police officer (State Court Record, ECF No. 9, Ex. 1).  A jury found Petitioner guilty on all three counts (Verdicts, State Court Record, ECF No. 9, Ex. 5).  Having been sentenced, Jemison appealed to the Ohio Court of Appeals for the Twelfth District, asserting that neither felonious assault verdict was supported by sufficient evidence (Appellant's Brief, State Court Record, ECF No. 9, Ex. 11).  The Court of Appeals affirmed the convictions.  *State v. Jemison*, 2022-Ohio-3597 (Ohio App. 12th Dist. Oct. 11, 2022).  Jemison filed an untimely notice of appeal to the Ohio Supreme Court.  That court allowed him to file a memorandum in support of jurisdiction, but then declined to exercise jurisdiction.  *State v. Jemison,* 170 Ohio Sat. 3d 179 (2023).  Jemison filed a petition for an Ohio writ of habeas corpus which the Ohio Supreme Court dismissed (Entry, State Court Record, ECF No. 9, Ex. 30).

Petitioner then filed in this Court, pleading the following grounds for relief:

> **Ground One**: Due process violation and speedy trial rights 6th and 14th Amendments to the United States Constitution.
>
> **Supporting Facts:** 12/24/21, the State of Ohio and Pennsylvania both did not have no [sic] authority jurisdiction to seek extradition and transportation by Interstate Agreement on Detainers, prolonged pre-trial incarceration, bias, and oppressive imprisonments, wrongly accused, falsely imprisoned, petitioner by unlawful restraints, invalid warrants, illegal contracts violated his constitution rights and a great public interest. Petitioner filed a inmate grievance complaint forms on 2/3/24 and 4/2/24 incarcerated awaiting transportation (Extradition) back to Ohio,[i at the Alleghany County jail prison PA Case No. CP-02-GR-0006438-2022 dismissed with prejudice pursuant to [ILLEGIBLE] *** Petitioner still remained seized by illegal custody and detention in A.C.J. PA under _/3/22 expired Ohio detainer. On 4/17/24 Petitioner was returned back to the State of Ohio illegally extradited by Allegheny Sheriffs Department [ILLEGIBLE] in Ohio, in which caused prejudiced against petitioner rights. Petitioner [ILLEGIBLE] filed Inmate Grievance Complaint on 4/26/24 entered electronically [ILLEGIBLE] ***. (sic throughout)

2

(Petition, ECF No. 6 PageID 151-152).

Respondent asserts Petitioner's claim is procedurally defaulted because it has never been fairly presented to the Ohio courts (Return, ECF No. 10). Petitioner's Memorandum in Opposition which he apparently filed as a reply, does not respond to the State's argument for procedural default.

From the contents of the Memorandum in Opposition, it appears Petitioner is complaining about being held too long in the Allegheny, Pennsylvania, County Jail on a detainer under the Interstate Agreement on Detainers so that he could be returned to Ohio to serve his sentence in the Warren County case (See Petition for Ohio Writ of Habeas Corpus, State Court Record, ECF No. 9, Ex. 29). Apparently he has been returned to Ohio under that Agreement because he pleads he is in prison in Ohio on the judgment under attack in this case and the Warden confirms that. To the extent he is now complaining in this case about having been held in Pennsylvania and then returned to Ohio, that claim cannot be heard on the merits in this case because claims arising under the IAD are not cognizable in habeas corpus. *Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir. 1988); *Metheny v. Hamby*, 835 F.2d 672, 674 (6th Cir. 1987). To the extent he is complaining that his detention in Pennsylvania denied him his speedy trial rights under the Sixth Amendment, the detention was far too short to trigger the presumption of unconstitutional delay. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972).

To the extent Jemison is now complaining of any other constitutional violation at trial aside from the asserted Due Process violation of conviction on insufficient evidence, any such claim is procedurally defaulted because it was not raised on direct appeal and Jemison has offered no excusing cause and prejudice. *Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982

3

F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)). *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002).

If as the Magistrate Judge perceives, Jemison is complaining of being incarcerated in Ohio after being held in Pennsylvania, that complaint in no way makes unconstitutional or invalidates the underlying Ohio conviction.

The Magistrate Judge also notes Jemison attaches a large number of documents to his Memorandum in Opposition which this Court cannot consider because they were not made part of the state court record on which the Twelfth District decided the case. *Cullen v. Pinholster,* 563 U.S. 170 (2011).

**Conclusion**

In accordance with the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 13, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

4

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #